UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DEBORAH M. LACEY, | ) | Case No. **13-51529** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM E. CALLAHAN, JR., TRUSTEE FOR | ) | |
| DEBORAH M. LACEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKINGHAM COUNTY, VIRGINIA | ) | |
| GREEN TREE SERVICING, LLC, | ) | |
| BRANDON BESWICK, TRUSTEE, | ) | |
| ROBERT HAVEY, TRUSTEE, | ) | |
| UNITED BANK, | ) | |
| JOSEPH T. MAINELLO, TRUSTEE, | ) | |
| DEBORAH M. LACEY, | ) | |
| TIMOTHY J. LACEY, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION OF CHAPTER 7
TRUSTEE FOR (I) AUTHORITY TO SELL PROPERTY OF THE ESTATE
AND PROPERTY OF A CO-OWNER AT PRIVATE SALE FREE AND CLEAR OF
ALL LIENS, CLAIMS, RIGHTS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363
AND BANKRUPTCY RULE 6004; (II) AUTHORITY RELATED TO CLOSING AND
DISTRIBUTION OF SALE PROCEEDS, (III) APPROVAL OF COMPENSATION OF
TRUSTEE'S BROKER PURSUANT TO 11 U.S.C. § 330, AND (IV) RELATED RELIEF**

William E. Callahan, Jr., Trustee (the "Trustee"), by counsel, moves the Court to (i) grant

the Trustee authority to sell property of the estate, together with property of a co-owner, at

private sale free and clear of all liens, claims, rights, and interests pursuant to 11 U.S.C. § 363

and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 6004, (ii) grant the Trustee

authority related to the closing and the distribution of the sale proceeds, (iii) grant approval of

the compensation of the Trustee's Broker, pursuant to 11 U.S.C. § 330, and (iv) grant related relief, as follows:

## Jurisdiction

1.      Deborah M. Lacey (the "Debtor") filed a petition under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Virginia (the "Court") on December 18, 2013, commencing the captioned case (the "Case").

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and § 157(a).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      The Trustee is the interim trustee appointed pursuant to section 701(a) of the Bankruptcy Code.

## The Proposed Sale of Property of the Estate

4.      At the commencement of the Case, the Debtor owned an undivided interest in certain improved residential real property in Rockingham County, Virginia, commonly known as 300 Garber's Church Road, Harrisonburg, Virginia, and consisting an approximately 1.2 acre parcel improved by a single family residence (collectively, the "Real Property") and an adjacent unimproved approximately 0.6 acre parcel (the "Adjacent Parcel")  with her husband Timothy J. Lacey ("Timothy Lacey") as tenants by the entirety.

5.      The known asserted liens on, claims to, rights in and interests in the Real Property and the Adjacent Parcel are as follows:

        a.      the undivided co-owner tenancy by the entirety interest of Timothy Lacey (the "Co-owner Interest");

       b.      the statutory lien in favor of Rockingham County, Virginia (the "County") for unpaid real property taxes (the "Tax Lien") on the Real Property and the Adjacent Parcel, which upon information and belief, are $0.00;

       c.      a deed of trust to Brandon Beswick, Trustee and Robert Havey, Trustee for the benefit of Green Tree Servicing, LLC ("Green Tree"), assignee of Mortgage Electronic Registration Systems, Inc., as Beneficiary, securing an indebtedness in the approximate amount of $163,150.00, that has been recorded in the Circuit Court for the County of Rockingham;

       d.      a credit line deed of trust to Joseph T. Mainello, Trustee for the benefit of United Bank as Beneficiary, securing an indebtedness in the approximate amount of $214,500.00, that has been recorded in the Circuit Court for the County of Rockingham; and

       e.      an exemption under section 34-4 of the Virginia Code by the Debtor in the amount of $1.00 (the "Exemption") listed on Schedule C filed with the Court.

       6.      The Trustee has obtained a contract with Gonzavier R. Braziel and Darnelle M. Braziel (collectively, the "Purchaser") to purchase the Real Property and requests the authority to sell the Real Property at a private sale to the Purchaser for the sum of $385,000.00 (the "Purchase Price"), pursuant to section 363(b)(1) of the Bankruptcy Code, Bankruptcy Rule 6004, and the terms of a certain Residential Contract of Purchase, a copy of which is attached hereto as **Exhibit 1**.

       7.      Pursuant to section 363(b)(1) of the Bankruptcy Code, the trustee, after notice and a hearing, may sell property of the estate other than in the ordinary course of business.  Pursuant to Bankruptcy Rule 6004(f)(1), the trustee may sell property not in the ordinary course of business at private sale.

8.      The Trustee further proposes that he sell the Real Property to the Purchaser free and clear of all liens, claims, rights, and interests on or in the Real Property, including without limitation those set forth in paragraph 5, above, pursuant to section 363(f) and (h) of the Bankruptcy Code, and that all such liens, claims, rights and interests attach to the proceeds of the sale according to the respective liens, claims, rights, or interests in the property to be sold.

9.      Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property of the estate free and clear of an entity's interest in such property other than that of the estate, only if applicable non-bankruptcy law permits sale of such property free and clear of such interest, such entity consents, such an interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

10.      Grounds exist for the sale of the Real Property free and clear of the Tax Lien and the lien of Green Tree in that the Purchase Price is greater than the amount necessary to pay the Tax Lien and the lien of Green Tree in full.  Grounds exist for the sale of the Real Property free and clear of the lien of United Bank, in that United Bank consents to the sale of the Real Property, on the condition that it retain its lien on the Adjacent Parcel, which is to be subdivided from the Real Property prior to closing, to secure the remaining amount owing to United Bank after the payment from the proceeds of the sale of the Real Property.  The consent of United Bank is reflected in the email exchange with the Trustee, attached hereto as **Exhibit 2**.  Grounds also exist for the sale of the Real Property fee and clear of the Exemption, in that the Exemption remains in bona fide dispute until perfected by the timely filing of a homestead deed claiming the

Exemption and in that the Debtor will retain any properly perfected exemption in the Adjacent Parcel.

11.     Pursuant to section 363(h) of the Bankruptcy Code, a trustee may sell both the estate's interest under section 363(b) or (c) and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) the sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of the co-owner; (3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

12.     Grounds exist for the Trustee's sale of the Co-owner's Interest pursuant to section 363(h), together with the estate's interest in the Real Property, free and clear of the Co-owner's Interest, in that (a) the Co-owner's Interest is an undivided interest as a tenant by the entirety, (b) partition in kind of the Real Property among the estate and the Co-owner is impracticable in that the Real Property consists of a single family dwelling, (c) the sale of the estate's undivided interest in the Real Property would realize significantly less for the estate than the sale of the both estate's interest and the Co-owner Interest in the Real Property because to do otherwise would limit the marketability of the Real Property, (d) the benefit to the estate of a sale of the entire Real Property outweighs the detriment, if any, to Timothy Lacey, in that Timothy Lacey will either receive his share of the net proceeds of the sale pursuant to 11 U.S.C. § 363(j) or alternatively, the Trustee will use the proceeds to satisfy the claims of creditors in the Case to

whom Timothy Lacey owes money with the Debtor, and (e) the Real Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.   In addition, as evidenced by Timothy Lacey's signature on the Residential Contract of Purchase, Timothy Lacey consents to the Trustee's sale of the Real Property.

13.    The Purchase Price is reasonable under the circumstances and the present real estate market.   The Trustee has employed and utilized the expertise of a licensed real estate broker to evaluate and market the Property. The Real Property has been fully exposed to the market, having been listed for sale for over 600 days prior to the commencement of the Case.   In addition, the Purchase Price is the result of arm's length negotiations between the Trustee and the Purchaser.

14.    The proposed sale of the Real Property is in the best interests of the estate and its creditors.  Although the sale of the Real Property will not result in any net proceeds to the estate, the sale will eliminate the lien of Green Tree on the Adjacent Parcel and substantially reduce the lien of United Bank on the Adjacent Parcel, which the Trustee believes will result in equity in the Adjacent Parcel that can be recovered through a subsequent sale. In addition, the timely sale of this property will eliminate the risk of loss of the Real Property.

15.    The Purchaser is not an insider of the Debtor, has agreed to purchase the Real Property as the result of an arm's length transaction, and is a bona fide purchaser within the meaning of § 363(m) of the Bankruptcy Code.   The consideration to be paid by the Purchaser constitutes "value", as that term has been defined by courts interpreting § 363(m) of the Bankruptcy Code, for the property being sold.

**Proposed Authority Related to Closing and Disposition of Sale Proceeds**

16.     Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue any order that is necessary or appropriate to carry out the provisions of Title 11. Furthermore, Bankruptcy Rule 6004(f)(2) provides that the trustee shall execute any instrument necessary or ordered by the court to effectuate a transfer to a purchaser.

17.     It is necessary for the closing of the proposed sale of the Real Property for the Trustee to execute and deliver a Trustee's Special Warranty Deed, sign other closing documents such as mechanic's lien affidavits, sign a Settlement Statement authorizing the pro-ration of taxes and the payment of certain usual and customary closing costs from the proceeds of the sale of the Real Property, and sign any documents necessary for United Bank to retain its lien on the Adjacent Parcel. The Trustee requests authority to sign and deliver the Trustee's Special Warranty Deed, other usual and customary documents necessary for closing the sale, and any documents necessary for United Bank to retain its lien on the Adjacent Parcel, and to pay or authorize credits from the proceeds of the sale such usual and customary costs of sale, including without limitation, recording costs, prorated and past due real estate taxes and the compensation of the Trustee's Broker, to the extent such compensation is approved by the Court.

18.     The secured claims of Green Tree and United Bank are not in dispute and will continue to accrue interest until paid. Under these circumstances, it is appropriate and necessary for the Court to authorize the Trustee to pay the amounts owed to Green Tree and United Bank that is secured by the Real Property from the proceeds of sale at closing.

**Proposed Compensation and Reimbursement of Expenses of Trustee's Broker**

19.     The Court has authorized the Trustee to employ Kline May Realty (the "Trustee's Broker") as the Trustee's real estate broker, pursuant to section 327 of the Bankruptcy Code, to

assist in the Trustee in the marketing of the Property, with proposed compensation of five percent (5.0%) of the sales price of the Property.

20.     After notice and a hearing, pursuant to section 330 of the Bankruptcy Code, the Court may award a professional employed under section 327 of the Bankruptcy Code (a) reasonable compensation for actual, necessary services rendered to the trustee, and (b) reimbursement for actual, necessary expenses.

21.     The Trustee requests that the Court approve the compensation of the Trustee's Broker in the amount of $19,250.00 (which is 5% of the total sales price), without further application to or order of the Court, and the authority to pay the allowed compensation as requested hereinabove.

22.     The proposed compensation is reasonable compensation for actual, necessary services rendered by the Trustee's Broker on behalf of the estate, based on the consideration of the nature, the extent and the value of such services, taking into account all relevant factors.

## Effective Date of Order

23.     Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stay until fourteen (14) days after entry of the order, unless the court orders otherwise.  Under the circumstances of this proposed sale, and absent any objection to the proposed sale, cause exists for the Court to make its order granting this Motion to become effective immediately upon entry, as permitted by Bankruptcy Rule 6004(h).

WHEREFORE, the Trustee, by counsel, moves the Court to enter an order (1) adopting the foregoing as its findings of fact and conclusions of law, (2) granting the Motion in its entirety, (3) authorizing the Trustee to sell the Real Property at a private sale to the Purchaser on the terms set forth above and in the Residential Contract of Purchase, free and clear of all liens,

claims, rights and interests, known and unknown, including without limitation those claims set forth in paragraph 5, above, with such liens, claims, rights and interests attaching to the proceeds of sale in their respective priority, (4) authorizing the Trustee to sign and deliver the Trustee's Special Warranty Deed, other usual and customary documents necessary for closing the sale, and any documents necessary for United Bank to retain its lien on the Adjacent Parcel, and to pay or authorize credits from the proceeds of the sale such usual and customary costs of sale, including without limitation, recording costs, prorated and past due real estate taxes and the compensation of the Trustee's Broker, to the extent such compensation is approved by the Court, (5) authorizing the Trustee to pay the amounts owed to Green Tree and United Bank and to any other party whose claim is secured by the Real Property to the extent of proceeds, (6) approving the proposed compensation of the Trustees' Broker in the amount requested, (7) providing that the order approving the sale be effective immediately upon entry, and (8) granting such other relief as is just.

WILLIAM E. CALLAHAN, JR.,
TRUSTEE FOR DEBORAH M. LACEY

By:      /s/ William E. Callahan, Jr.
         Counsel

William E. Callahan, Jr., Esq. (VSB No. 37432)
LECLAIRRYAN, A Professional Corporation
1800 Wells Fargo Tower, Drawer 1200
Roanoke, VA 24006-1200
Telephone:  (540) 777-3068
Facsimile:  (540) 510-3050
Email:  william.callahan@leclairryan.com

Counsel for the Trustee